UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

KATHLEEN MARKIW,

    Plaintiff

v.

J.A. CAMBECE LAW OFFICE, P.C.,

    Defendant

Civil Action No.: 10-CV-281A

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

FILED APR 5 2010 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

## COMPLAINT

KATHLEEN MARKIW ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against J.A. CAMBECE LAW OFFICE, P.C. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the State of New York and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Buffalo, New York.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at Eight Bourbon Street in Peabody, Massachusetts, 01960.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect from Plaintiff an alleged consumer debt.

12. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

13. On August 4, 2009, Defendant sent correspondence to Plaintiff demanding payment of a "debt owed by [her] to CACH, LLC." See Exhibit A, the August 4, 2009, correspondence from Defendant.

14. Plaintiff did not owe a debt to CACH, LLC.

15. In this correspondence, to confuse, mislead, and deceive Plaintiff, Defendant identified CACH, LLC as the "Creditor" and CARE CREDIT as the "Original Creditor." See Exhibit A, the August 4, 2009, correspondence from Defendant.

16. Additionally, Defendant listed an "Original Account Number," and a "Your Account Number," on the correspondence, again to make the letter confusing, misleading, and deceptive to Plaintiff. See Exhibit A, the August 4, 2009, correspondence from Defendant.

17. Further, Defendant threatened Plaintiff that if she "failed[ed] to contact this office our client may choose to request an attorney review of your file," leading Plaintiff to believe that it would commence legal action against her if she did not contact them. See Exhibit A, the August 4, 2009, correspondence from Defendant.

18. In response, by correspondence dated August 21, 2009, Plaintiff requested that Defendant verify the debt. See Exhibit B, the August 21, 2009, correspondence from Plaintiff.

19. Then, on September 10, 2009, Defendant acknowledged receipt of Plaintiff's correspondence, and stated, "We conveyed your request to our client and upon receipt of the verification documents the same shall be forwarded to your attention. Often the information you requested is in storage and on microfilm or microfiche. It may take some time before the information you requested is located and forwarded to your attention. It is my understanding that there is no deadline for the production of these documents," signing it "Peter Dauksewicz, Attorney at Law." See Exhibit C, the September 10, 2009, correspondence.

20. Defendant attempted to intimidate Plaintiff by overshadowing its true identity as a debt collector by identifying Mr. Dauksewicz as an Attorney at Law, when Mr. Dauksewicz was functioning as a debt collector, not an attorney, when he sent this letter to Plaintiff.

21. Moreover, in the September 10, 2009, Defendant acknowledged that it had not reviewed the records of CACH, LLC, or the original creditor, to confirm the validity of the alleged debt prior to attempting to collect this alleged debt from Plaintiff.

22. Had Defendant reviewed the records of the original creditor, it would have learned that Plaintiff had disputed owing the alleged debt.

23. Moreover, Defendant did not verify the alleged debt.

24. Then, on October 1, 2009, Plaintiff sent another letter to Defendant requesting verification of the alleged debt. See Exhibit D, the October 1, 2009, correspondence.

25. To date, Defendant has not validated the debt.

26. Instead, the disputed debt appears on Plaintiff's credit report with no indication that the debt is disputed. See Exhibit E, Plaintiff's credit report.

## CONSTRUCTION OF APPLICABLE LAW

27. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding

unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

28.  The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

29.  The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

# COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

   b. Using false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

   c. Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2);

   d. Communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8);

   e. Using false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10);

   f. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

   g. Collecting an amount not expressly authorized by an agreement creating the debt, in violation of 15 U.S.C. § 1692f(1); and

PLAINTIFF'S COMPLAINT

     h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, KATHLEEN MARKIW, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KATHLEEN MARKIW, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

1
2   DATED: April 2, 2010
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

By: _____
Craig Thor Kimmel
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com



**Main Office/Return Mail Service:**
Eight Bourbon Street
Peabody, Massachusetts 01960

**Satellite Offices:**
199 Rosewood Drive, Suite 110
Danvers, MA 01923

800 Turnpike Street, Suite 201
North Andover, MA 01845

AUGUST 04TH, 2009

KATHLEEN MARKIW
916 DELAWARE AVE APT 3G
BUFFALO NY 14209-1851

RE:  CREDITOR:                    CACH, LLC

YOUR ACCOUNT NUMBER:       15308047090800736
ORIGINAL CREDITOR:            CARE CREDIT
ORIGINAL ACCOUNT NUMBER:   6019183005073135
CURRENT BALANCE:              $2,751.27

DEAR KATHLEEN MARKIW:

This office is a debt collector and has been retained to collect the debt owed by you to CACH, LLC. This is a demand for payment of your outstanding obligation.

At this time, an attorney with this firm may not have personally reviewed the particular circumstances of your account. However, if you fail to contact this office our client may choose to request an attorney review of your file.

Unless, within thirty days after receipt of this notice, you dispute the validity of the debt or any portion thereof, this firm will assume the debt to be valid. If, within thirty days of your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of such judgment, and we will cease all collection activities until we provide you with verification, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty days of the receipt of this notice we will provide you with the name and address of the original creditor.

If you are represented in this matter by an attorney, please give us the name, address and phone number of your attorney so that we may communicate with your attorney rather than you.

Please call our office toll free at 1-888-535-6161, and our fax number is 888-252-0121. Our office is usually open from 9 until 6 EST, Monday through Friday.

Thank you for your attention to this matter.
Yours truly,

*J.A. Cambece Law Office, P.C.*



A47  If you have a complaint about one of our staff, please call our complaint hotline 866-200-9339.

This communication is from a debt collector. We are attempting to collect a debt, and any information obtained will be used for that purpose.
SEE THE REVERSE SIDE FOR REQUIRED STATE COMPLIANCE INFORMATION

# IMPORTANT NOTICE OF RIGHTS

We are required under state and/or federal law(s) to notify consumers of certain rights. This list does not include a complete list of rights consumers may have under state or federal laws or regulations.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgement. For more information about debt collection activities, you may contact The Federal Trade commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In Colorado:** For Information about the Colorado Fair Debt Collection Practices Act, see http://www.ago.state.co.us/cadc/cadcmain.cfm A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**In Kansas:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living whichever are applicable, may be made or obtained. Within a reasonable period of time after your receipt of this letter, upon your written request for additional information regarding the scope and nature of our investigation, complete and accurate disclosure of the nature and scope of the investigation requested will be provided.

**In Maine:** Office Location: 8 Bourbon Street Peabody MA 01960. Phone: 888-535-6161 Business hours: 9:00am – 6:00pm Monday, Tuesday & Thursday, 11:00am – 8:00pm Wednesday & 8:00 am-5:00pm Friday (EDST).

**In Massachusetts:** Office Location: 8 Bourbon Street, Peabody, MA 01960. Phone: 888-535-6161 Business hours: 9:00am – 6:00pm Monday, Tuesday & Thursday, 11:00 am – 8:00 pm Wednesday & 8:00am – 5:00 pm Friday (EDST). Massachusetts law requires that we inform you:

## NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY 10 DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**In Texas:** Office Location: 8 Bourbon Street, Peabody, MA 01960. Phone: 888-535-6161 Business hours: 9:00 am – 6:00 pm Monday, Tuesday & Thursday, 11:00 am -8:00 pm Wednesday & 8:00am -5:00pm Friday (EDST).

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

*Federal Law or other state laws may also provide you with similar or even greater rights.*

## IMPORTANT INFORMATION ABOUT CREDIT REPORTING
Our clients may report information about your account to credit bureaus.

J.A. Cambece Law Office, P.C. reserves the right to monitor and/or record telephone calls for training, quality, and compliance purposes including calls originated by, or made to, J. A. Cambece Law Office, P.C. Calling into J.A. Cambece Law Office, P.C. or accepting a call from J.A. Cambece Law Office, P.C. Constitutes permission to record the telephone conversation.

## Payment Instructions For Western Union Quick Collect
For your convenience in paying by Western Union, Please note the following instructions, if applicable:
(1) Call Western Union at 1-800-325-6000 to locate the Western Union agent closest to you.
(2) Obtain Quick Collect payment form from your Western Union agent. Fill out the Quick Collect payment form completely. Make it payable to Collect America. The code city and state is **Anthony, MA** and the account number will be **your account number** found on the front of this letter.
(3) Give the agent the completed Quick Collect form, the payment amount, and the transaction fee (presently $12.95) required and payable to Western Union in cash.

You will receive a receipt from the Western Union agent with a ten-digit control number. This number is proof that the money was sent. Please retain that receipt for your records.

---

J.A. Cambece Law Office P.C.  8 Bourbon Street, Peabody, MA 01960

**KATHLEEN S. MARKIW**
916 Delaware Avenue, Apt. 3-G
Buffalo, New York 14209

J.A. Cambece
Law Offices, P.C.
Eight Bourbon Street
Peabody, Massachusetts 01960

**August 21, 2009**

Re: CREDITOR:                              CACH, LLC

    ACCOUNT NUMBER:            15308047090800736
    ORIGINAL CREDITOR:          CARE CREDIT
    ORIGINAL ACCOUNT NUMBER:    6019183005073135

SIRS:

    I respectfully request that your office provide <u>Verification of Debt</u> in this matter. Thank you for your attention to my request.

Very truly yours,

Kathleen S. Markiw

Cc: file



PLAINTIFF'S EXHIBIT B



**J. A. CAMBECE LAW OFFICE, P.C.**
Attorneys at Law

*Main Office/Return Mail Service*
Eight Bourbon Street
Peabody, Massachusetts 01960
(888) 535-6161

*Satellite Offices:*
199 Rosewood Drive, Suite 110
Danvers, MA 01923

800 Turnpike Street, Suite 201
North Andover, MA 01845

September 10, 2009

Kathleen Markiw
916 Delaware Ave Apt 3G
Buffalo, NY 14209

Re: Original Creditor, Care Credit— Our Client, CACH053/GE MONEY BANK-PL

Dear Kathleen Markiw :

This firm received your request to provide you with verification of the above – referenced debt. We conveyed your request to our client and upon our receipt of the verification documents the same shall be forwarded to your attention. Often the information you requested is in storage and on microfilm or microfiche. It may take some time before the information you requested is located and forwarded to your attention. It is my understanding that there is no deadline for the production of these documents.

Should you have any questions or concerns please do not hesitate to contact me. Please retain this for your records.

Sincerely,

Peter Dauksewicz
Attorney at Law

**PLAINTIFF'S EXHIBIT C**

This communication is from a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

LDW12

# KATHLEEN S. MARKIW
## 916 Delaware Avenue, Apt. 3-G
## Buffalo, New York 14209

J.A. Cambece
Law Offices, P.C.
Eight Bourbon Street
Peabody, Massachusetts 01960
October 1, 2009

Re: CREDITOR:　　　　　　　　　　　CACH, LLC

    ACCOUNT NUMBER:　　　　　　　15308047090800736
    ORIGINAL CREDITOR:　　　　　　CARE CREDIT
    ORIGINAL ACCOUNT NUMBER:　　6019183005073135

SIRS:

    On August 21, 2009 I sent your office a request for VERIFICATION OF DEBT. It has been well over 30 calendar days since your office received and signed for my correspondence (return receipt available). Hence you have failed to comply with the FDCPA and are now in violation of the Act. I have enclosed a copy on my original correspondence dated, August 21, 2009.

    Your office needs to immediately remove the collection listing from my credit report or I will commence a lawsuit because you are in violation of the FDCPA section 809(b),

    Furthermore, I believe that you are in violation of New York State's collection laws. I appreciate you attention to this matter and hope that my credit report will reflect the requested change herein.

Very truly yours,


Kathleen S. Markiw


PLAINTIFF'S EXHIBIT D

**Certified Mail Receipt #1 (7008 0150 0000 2714 9220):**
- Sent To: J.A. Cambece, Eight Bourbon St., Peabody, MA 01960
- Postage: $0.44
- Certified Fee: $2.80
- Return Receipt Fee: $2.30
- Total: $5.54
- Postmark: Buffalo, NY, 10/01/2009

**Return Receipt #1 (7008 0150 0000 2714 9220):**
- Addressed to: J.A. Cambece, Law Offices, Eight Bourbon St., Peabody, Mass. 01960
- Signature: [signed]
- Received by (Printed Name): Michele Cambece(?)
- Date of Delivery: 10-5
- Service Type: Certified Mail

**Certified Mail Receipt #2 (7008 0150 0000 2714 9190):**
- Sent To: J.A. Cambece - Law Office, Eight Bourbon St., Peabody, Mass. 01960
- Postage: $0.44
- Certified Fee: $2.80
- Return Receipt Fee: $2.30
- Postmark: Buffalo, NY, AUG 22 2009

**Return Receipt #2 (7008 0150 0000 2714 9190):**
- Addressed to: J.A. Cambece, Law Offices, Eight Bourbon St., Peabody, Mass. 01960
- Signature: [signed]
- Received by (Printed Name): Michele Cambece(?)
- Service Type: Certified Mail

**Experian**
A world of insight

Prepared for:
KATHLEEN S MARKW
Report number:

Report date
February 18, 2010
www.experian.com/disputes
PO BOX 9701, Allen, TX 75013

Page 4

## Potentially negative items or items for further review continued

**GEMB/CARE CREDIT**
PO BOX 981439
EL PASO TX 79998
(866) 396-8254
*Partial account number*
601918300507....

*See History of account balances for additional information.*

| | | | | | |
|---|---|---|---|---|---|
| Date opened | Date of status | Type | Credit limit or original amount | Recent balance | |
| Dec 2007 | Aug 2009 | Revolving | $3,000 | NA | Responsibility |
| Reported since | Last reported | Terms | High balance | | Individual |
| Dec 2007 | Aug 2009 | NA | $2,751 | | |
| | | Monthly payment | | | |
| | | NA | | | |

Status: Transferred, closed. $2,751 written off.
Account history:
Charge Off as of Jul 2009
180 days past due as of Jul 2009
150 days past due as of Jun 2009
120 days past due as of May 2009
90 days past due as of Apr 2009
60 days past due as of Mar 2009
30 days past due as of Feb 2009
Creditor's statement: *"Purchased by another lender."*
Address identification number:
2910440

0273985073   L-015-00681-0208000

**PLAINTIFF'S EXHIBIT**
E